UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHYLLIS D. EVANS, | Case No:  C 07-3794 SBA |
| Plaintiff, | **ORDER GRANTING CLAIM FOR FEES AND EXPENSES** |
| vs. | |
| COMMISSIONER OF THE SSA, | Docket 24 |
| Defendant. | |

Plaintiff is the prevailing party in this action for judicial review of a decision by the Commissioner of the Social Security Administration (Commissioner).  The parties are presently before the Court on Plaintiff's Claim for Fees and Expenses Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the claim for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.    BACKGROUND

Plaintiff commenced this action seeking review of a decision by the Commissioner denying her application for supplemental disability income benefits.  On September 30, 2008, the Court granted in part and denied in part Plaintiff's motion for summary judgment.  The Court reversed the Commissioner's decision and remanded the action for further proceedings consistent with the Court's ruling.  Following the Court's ruling on the summary judgment motions, Plaintiff filed a Claim for Fees and Expenses Under the EAJA.

The Commissioner opposed the motion on the grounds that the billing statements submitted by Plaintiff's Counsel ("Counsel") in support of the fee request did not adequately describe the work performed by him in connection with this case.  The Commissioner further

argued that a fee award cannot be awarded directly to Counsel absent a written assignment signed by Plaintiff.  Plaintiff filed a reply which provided additional explanation of the services performed.  However, Plaintiff also requested the Court to hold the claim for fees and expenses in abeyance pending Counsel's attempt to obtain an assignment from Plaintiff.  The Court granted Counsel until November 2, 2009 to file proof that Plaintiff has assigned to her right to fees to Counsel.  The Court allowed the Commissioner until November 9, 2009, to file a response to Counsel's submission.

On November 2, 2009, Counsel filed a memorandum in which he explained that Plaintiff had declined to execute an assignment.  (Docket 30.)  Nonetheless, Counsel requests that the Court award him fees directly on the ground that the instant case began prior to change in the EAJA requiring an express assignment and on the ground that an award of fees to Plaintiff directly would amount to a windfall because Plaintiff proceeded *in forma pauperis* and did not incur any fees in this action.  The Commissioner did not file any response to Counsel's submission.

## II.    DISCUSSION

Under the EAJA, a prevailing party is entitled to reasonable attorneys' fees.  28 U.S.C. § 2412(d)(1)(A).[1]  The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided.  Id. § 2412(d)(2)(A).  Such fees, however, are not to exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  Here, Counsel seeks the following hourly rates:  $166.46/hr. for 2007, $172.85/hr. for 2008; and 169.05/hr. for 2009.  The Commissioner does not dispute that the hourly fee sought by Counsel reflects a prevailing

---

[1] This provision states that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A) (emphasis added).

1   market rate, as adjusted for inflation using the Consumer Price Index.  Accordingly, the Court

2   approves the rates sought by Counsel.  See Irwin v. Astrue, 2010 WL 583658 at *1 (S.D. Cal.,

3   Feb. 16, 2010) (approving rate of $170 per hour as a reasonable, adjusted CPI rate).

4          Although the Commissioner does not challenge Counsel's hourly rate, he does dispute

5   the reasonableness of the requested hours on the ground that certain time entries are described

6   by abbreviations for which no definition key has been provided.  In his reply, Plaintiff

7   acknowledges that certain of these abbreviations are unclear, but has sought to rectify this lack

8   of clarity by providing an explanation of each of those abbreviations.  But even with these

9   definitions, Counsel's sparse descriptions of the work performed leave much to be desired.

10  Nonetheless, the Court finds that Counsel has provided sufficient information (albeit just

11  barely) to justify that the time expended was reasonable and appropriate.  In addition, the Court

12  notes that overall amount of time spent over a three year period (35.9 hours) and fees requested

13  ($6,648.92) is line with fees awarded in other Social Security cases previously pending before

14  this Court.

15         The final issue is whether the fees may be paid directly to Counsel in the absence of an

16  assignment from Plaintiff.  The EAJA expressly authorizes an award of fees "to a prevailing

17  party[.]"  28 U.S.C. § 2412(d)(1)(A). Though the Ninth Circuit has yet to address that question,

18  several circuits as well as district courts within the Ninth Circuit have found that "both the

19  plain language and construction by other courts of the EAJA support defendant's contention

20  that the term 'prevailing party' excludes the parties' counsel."  McCarty v. Astrue, 505 F.

21  Supp. 2d 624, 629 (N.D. Cal. 2007); Pulis v. Comm'r of Social Sec., 2008 WL 1899918 at *2

22  (E.D. Cal., April 25, 2008) ("absent any evidence of a contract assigning the EAJA award to

23  counsel, the court is left with the plain reading of 28 U.S.C. § 2412(d)(1)(A), which provides

24  that the court shall award to a prevailing party, not the party's attorney, fees and other expenses

25  incurred in litigation."); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) (holding that

26  under EAJA "attorney's fees are awarded to the prevailing party, not to the prevailing party's

27  attorney") (citing cases).  However, the Eighth Circuit has reached the opposite conclusion and

28  held that "EAJA attorneys' fees are awarded to prevailing parties' attorneys."  Ratliff v. Astrue,

540 F.3d 800, 802 (8th Cir. 2008), <u>cert. granted</u>, 130 S.Ct. 48 (Sept. 30, 2009).  The Supreme Court has granted certiorari in <u>Ratliff</u>.

Here, Counsel contends that the fees should be paid directly to him because "the case began before Defendant changed the check-payee policy to require assignments" and for that reason he did not obtain an assignment from Plaintiff at the outset of the case.  Counsel further contends that it would be unfair not to order payment directly to him because Plaintiff is proceeding *in forma pauperis* and has incurred no fees in this action.  Counsel fails to submit any evidence or legal authority to support his position.  Moreover, the Court notes that the possibility that Plaintiff may not tender her EAJA award to Counsel does not provide a legal basis upon which disregard the express language of the EAJA.  <u>See</u> <u>McCarty</u>, 505 F. Supp. 2d at 630 (rejecting argument that absent direct payment to counsel, attorneys may be discouraged from representing clients because these clients may not tender the proper EAJA award to their counsel).  In the absence of an assignment by Plaintiff, the Court concludes that the plain language of the EAJA requires that the fee award be made to Plaintiff, not her attorney.

## III.   <u>CONCLUSION</u>

The Court concludes, in its discretion, awards Plaintiff the sum of $6,648.92.  Said amount is to be paid to Plaintiff, as opposed to Counsel.  In the event the law regarding the payment of EAJA fees should change following the Supreme Court's decision in <u>Ratliff</u>, Counsel may seek appropriate relief, consistent with the Federal Rules of Civil Procedure.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Claim for Fees and Expenses Under the Equal Access to Justice Act is GRANTED.  The Commissioner shall tender payment consistent with this Order.  This Order terminates Docket No. 24.

IT IS SO ORDERED.

Dated:  March 16, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge